UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
JOHN MICHAEL VAZQUEZ
UNITED STATES DISTRICT JUDGE

FRANK R. LAUTENBERG POST
OFFICE AND COURTHOUSE
2 FEDERAL SQUARE, ROOM 417
NEWARK, NJ 07102
973-297-4851

April 8, 2016

VIA ECF AND REGULAR MAIL

**LETTER ORDER AND OPINION**

Re:   Christopher Vassallo v. The Bank of New York et al.
      Civil Action No. 15-3227

Dear Litigants:

The Court has reviewed the Motion to Dismiss for failure to state a claim upon which relief can be granted. For the reasons stated below, the motion is granted, however, Plaintiff Christopher Vassallo is granted leave to amend Count Eleven of the Complaint for "Fraud in the Concealment." The remainder of the counts are dismissed with prejudice.

On May 8, 2015, *pro se* Plaintiff Christopher Vassallo ("Plaintiff") filed a Complaint against Defendants The Bank of New York F/K/A The Bank of New York Mellon as Trustee for the Alternative Loan Trust 2006-17T1 ("BONY"), Bank of America, N.A. ("BANA"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively "Defendants"). D.E. 1. The Complaint asserts the following fourteen causes of action against Defendants: "Declaratory Relief" (Count One), "Injunctive Relief" (Count Two), "Quiet Title" (Count Three), "Negligence Per Se" (Count Four), "Accounting" (Count Five), "Breach of Covenant of Good Faith and Fair Dealing" (Count Six), "Breach of Fiduciary Duty" (Count Seven), "Wrongful Foreclosure" (Count Eight), "Violation of the Real Estate Settlement Procedures Act" (Count Nine), "Violation of the Home Ownership Equity Protection Act" (Count Ten), "Fraud in the Concealment" (Count Eleven), "RICO" (Count Twelve), "Conversion" (Count Thirteen), and "Breach of Contract" (Count Fourteen). Compl. ¶¶ 135-259. On June 12, 2015, Defendants moved to dismiss the Complaint pursuant to Rule 12(b)(6) for failing to state a claim upon which relief can be granted. D.E. 4. On July 1, 2015, Plaintiff filed a brief in opposition to Defendants' motion to dismiss. D.E. 5. On July 10, 2015, Defendants filed a reply brief in further support of their motion to dismiss. D.E. 8.

According to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court should dismiss a complaint when it fails "to state a claim upon which relief can be granted." In analyzing a motion to dismiss under Rule 12(b)(6) the court will "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable

reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Determining whether a complaint is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. While not a "probability requirement," plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).

Fraud allegations are considered special matters, subjecting them to the requirements of Rule 9 of the Federal Rules of Civil Procedure. Pursuant to Rule 9(b), when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." The complaint must include factual details such as "the who, what, when, where and how of the events at issue." *U.S. ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294, 307 (3d Cir. 2016) (internal quotation marks omitted). Accordingly, "[t]o satisfy the particularity standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Feingold v. Graff*, 516 F. App'x 223, 226 (3d Cir. 2013) (internal quotation marks omitted).

If a plaintiff fails to adequately state a claim, the Court should permit an amendment to the complaint as long as doing so would not be futile. *Schiano v. MBNA*, No. 05-1771, 2013 WL 2452681, at *11 (D.N.J. Feb. 11, 2013). As explained by the Third Circuit,

> "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted. In assessing 'futility,' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6). Accordingly, if a claim is vulnerable to dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency."
>
> [*Holst v. Oxman*, 290 F. App'x 508, 510 (3d Cir. 2008) (quoting *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir.2000)).]

Because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds him to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the "Court need not . . . credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

The facts of this matter derive from Plaintiff's Complaint, the exhibits annexed to the Complaint, and the exhibits annexed to Defendants' Motion to Dismiss. *See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (holding that "a court may consider undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]"). On March 6, 2006, Plaintiff executed a note (the "Note) in favor of non-party First Financial Equities, Inc. ("First Financial") in exchange for a loan in the amount of $560,000.00. Defendants' Mot. To Dismiss, Ex. A. The Note was secured by a mortgage on real property (the "Mortgage") located at 14 Hillside Drive, Fairfield, New Jersey 07004 (the "Property"). Defendants' Mot. To Dismiss, Ex. B. Plaintiff and Rita Vassallo were designated as mortgagors and Defendant MERS was designated as the mortgagee and nominee for First Financial as well as its successors and assigns. Defendants' Mot. to Dismiss, Ex. B. On April 5, 2006, the Mortgage was recorded with the Essex County Clerk. Defendants' Mot. to Dismiss, Ex. B. Years later, on June 1, 2011, the Mortgage was assigned from First Financial to Defendant BONY and subsequently recorded in Essex County on June 21, 2011. Defendants' Mot. to Dismiss, Ex. C. According to the Complaint, Defendant BANA purchased the Mortgage "at an unknown time and date." Compl. ¶ 35.[1]

At an unspecified time period, Plaintiff "purchased a Securitization audit to see where his chain of title lay" and "to uncover the real parties in interest in his loan." Compl. ¶ 45. Plaintiff alleges that the audit revealed that on or about April 27, 2007, the Note was "bundled into a group of Notes and subsequently sold to investors as a derivative 'Mortgage Backed Security,' issued by B[O]NY, entitled **ALTERNATIVE LOAN TRUST 2006-17T1**." Compl. ¶ 46. Plaintiff concludes that "*none* of the Defendants own this loan, or NOTE, and cannot be and are not the Beneficiary under the MORTGAGE, or lawfully appointed Trustee under the MORTGAGE" and thus cannot lawfully foreclose on the Property. Compl. ¶ 46. Accordingly, Plaintiff alleges that "Defendants and the TRUST are not holders or holders in due course of the NOTE" and that "Defendants and the TRUST are not beneficiaries under the Mortgage." Compl. ¶ 58.

Plaintiff acknowledges that at some time in 2011 he fell behind on his Mortgage payments. Compl. ¶ 36. Plaintiff alleges that in 2012, BANA offered him a "trial modification to bring his account into good standing." Compl. ¶ 38. Plaintiff maintains that he "diligently cooperated with the trial modification payments" for the agreed upon eleven-month period, but BANA ultimately rejected Plaintiff's March 1, 2013 payment. Compl. ¶ 39. Plaintiff contends that as of April 16, 2015, BANA, "after blatantly misleading Plaintiff for more than a year, has stated its intention to foreclose on the subject property in dispute." Compl. ¶ 41. It appears, however, that at least as of the time of Plaintiff's reply brief, Defendants had not initiated a foreclosure action against Plaintiff. Plaintiff's Resp. to Mot. to Dismiss at 5; Compl. ¶ 43.

As an initial matter, in Plaintiff's Response to the Motion to Dismiss, he has indicated that he wishes to voluntarily withdraw seven causes of action originally pleaded in the Complaint. Plaintiff states that "in 'good faith,' [he] shall withdraw the following causes of action:

---

[1] The Complaint is not clear as to whether BANA also purchased the Note. The Court's analysis, however, would not change even if the purchase of the Note was alleged.

3

1. Negligence

2. HOEPA

3. TILA

4. Violation of RE[S]PA

5. Violation of R.I.C.O.

6. Accounting

7. Injunctive Relief." Plaintiff's Resp. to Mot. to Dismiss at 3.

Accordingly, due to Plaintiff's desire to abandon such claims, and the additional reasons stated herein, the above-referenced Counts are dismissed with prejudice.

Moreover, the Court find that Counts 4, 6, 7, and 11 -- negligence *per se*, breach of covenant of good faith and fair dealing, breach of fiduciary duty, and fraud in the concealment, respectively -- are all tort claims based solely on the contractual relationship created by the Mortgage and Note. The economic loss doctrine "prohibits plaintiffs from recovering in tort economic losses to which their entitlement only flows from a contract." *Duquesne Light Co. v. Westinghouse Elec. Co.*, 66 F.3d 604, 618 (3d Cir. 1995); *see Am. Fin. Res., Inc. v. Countrywide Home Loans Servicing, L.P.*, No. 12-7141, 2013 WL 6816394, *6 (D.N.J. Dec. 23, 2013) (ruling that claims for breach of fiduciary duty and breach of implied covenant of good faith and fair dealing barred); *Perkins v. Washington Mutual, FSB*, 655 F. Supp. 2d 463, 471 (D.N.J. 2009) (finding that negligence claim was barred due to contractual nature of claim); *Bracco Diagnostics, Inc. v Bergen Brunswig Drug Co.*, 226 F. Supp. 2d 557, 565 (D.N.J. 2002) (indicating that fraud claim barred due to economic loss doctrine). Counts 4, 6, 7, and 11 all therefore are defective as a matter of law under the economic loss doctrine. For purposes of completeness, the Court will nonetheless address each of those Counts below.

The Complaint's first cause of action is for "Declaratory Relief." The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). In order for a federal court to grant a declaratory judgment, "[t]here must be a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant issuance of a declaratory judgment." *Zimmerman v. HBO Affiliate Grp.*, 834 F.2d 1163, 1170 (3d Cir. 1987). A declaratory judgment is not an appropriate remedy when a foreclosure action has not been initiated. *Espaillat v. Deutsche Bank Nat. Trust Co.*, No. 15–314, 2015 WL 2412153, at *2 (D.N.J. May 21, 2015) ("[D]eclaratory relief requires a live controversy of sufficient immediacy between the parties. In contrast, here, there is no pending foreclosure action to make these allegations relevant.") (internal citations omitted); *Coleman v. Deutsche Bank Nat.*

*Trust Co.*, No. 15–1080, 2015 WL 2226022, at *3 (D.N.J. May 12, 2015) ("[T]here is no immediate controversy warranting declaratory judgment as there is no active foreclosure action."). Here, Plaintiff acknowledges that Defendants have not initiated a foreclosure proceeding against the Property. Plaintiff's Resp. to Mot. to Dismiss at 5; Compl. ¶ 43. Accordingly, Plaintiff has not stated a claim upon which relief can be granted. In the absence of an actual or imminently pending foreclosure action, any attempt to amend to this cause of action would be futile. Count One of the Complaint is dismissed with prejudice.

The Complaint's second cause of action seeks "Injunctive Relief." For a court to grant injunctive relief, a party must demonstrate "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). Here, Plaintiff has not shown a likelihood of success on the merits because it is undisputed that plaintiff ceased making timely mortgage payments in 2011, thus providing Defendants with a basis to foreclose on the Property should they choose. Compl. ¶ 36. Plaintiff's allegations that Defendants do not have a right to foreclose on the Property because the assignment and securitization of the Note and Mortgage was allegedly invalid is without merit. *See Pillitteri v. First Horizon Home Loans*, No. 14-03076, 2015 WL 790633, at *6 (D.N.J. Feb. 25, 2015) (concluding that plaintiff mortgagor lacked standing to challenge validity of mortgage assignments). Moreover, there is no irreparable harm because foreclosure proceedings have not yet been initiated and Plaintiff has not adequately pleaded that such proceedings are imminent. Plaintiff's Resp. to Mot. to Dismiss at 5; Compl. ¶ 43. Finally, as noted above, Plaintiff has stated that he is withdrawing the claim for injunctive relief. Plaintiff's Resp. to Mot. to Dismiss, at 3. Therefore, Count Two is dismissed with prejudice.

Next, Plaintiff asserts a claim to quiet title on the Property. "The purpose of an action to quiet title is to put within the power of a person, who is in peaceable possession of realty as an owner, a means to compel any other person, who asserts a hostile right or claim, or who is reputed to hold such a right or claim, to come forward and either disclaim or show his right or claim, and submit it to judicial determination." *Schiano*, WL 2452681, at *26 (internal quotation marks omitted); *see also* N.J.S.A. 2A:62-1 (New Jersey's quiet title statute). "One of the elements of a quiet title claim is that there must be some doubt or dispute as to the status of the land." *Schiano*, WL 2452681 at *26. Here, it is undisputed that Plaintiff executed the Note and Mortgage (Defendants' Mot. to Dismiss, Exs. A-B) and that Plaintiff has not fully satisfied his loan repayment obligations, Compl. Ex. 1. Plaintiff does not plead how or why he has superior title to the property over Defendants under those circumstances. Plaintiff's claim that the Property's title has been clouded due to allegedly invalid assignments of the mortgage is without merit because Plaintiff does not have standing to challenge the validity of those assignments. *Pillitteri*, WL 790633, at *6 (dismissing mortgagors' quiet title claim because they "do not have standing to challenge the validity of their mortgage assignments"). Plaintiff therefore has not stated a claim for quiet title. Count Three is dismissed with prejudice.

The Fourth Count in Plaintiff's Complaint alleges "Negligence Per Se." Violation of a statute or regulation may provide the basis for negligence *per se* when the following three elements

5

are present: 1) the statute or regulation must clearly apply to the conduct of the defendant; 2) the defendant must violate the statute or regulation; and 3) the violation of the statute must proximately cause the plaintiff's injuries." *Cecile Indus., Inc. v. United States*, 793 F.2d 97, 99 (3d Cir. 1986) (internal quotation marks omitted). Here, Plaintiff alleges that BANA's actions have violated "federal and state statutes, rules and regulations and accordingly constitute negligence per se." Compl. ¶ 163. The Complaint, however, fails to identify which statutes, rules or regulations have been violated. Moreover, as noted above, Plaintiff indicates that he wishes to voluntarily dismiss the cause of action for negligence *per se*. Plaintiff's Resp. to Mot. to Dismiss, at 3. Therefore, Count Four is dismissed with prejudice.

The next cause of action asserted by Plaintiff is for an "Accounting." "An action for an accounting seeks a determination by a court of what may be due the respective parties as a result of the relationship between them." *Executone of Columbus, Inc. v. Inter-Tel, Inc.*, No. 2:06-CV-00126, 2007 WL 1144866, at *4 (S.D. Ohio Apr. 16, 2007). "[A]n accounting is an equitable remedy." *In re U.S. Mortg. Corp.*, 492 B.R. 784, 813 (D.N.J. 2013). "The party seeking to obtain an accounting must establish: (1) a fiduciary or trust relationship; (2) the complicated nature of the character of the account; and (3) the need of discovery." *Id.* Here, Plaintiff has not pleaded any of the required elements to obtain the remedy of an accounting. Further, as noted above, Plaintiff has withdrawn the cause of action for an accounting. Accordingly, Count Five is dismissed with prejudice.

Next, Plaintiff asserts a cause of action for breach of the covenant of good faith and fair dealing. In order to successfully plead a claim for the breach of the covenant of good faith and fair dealing, a plaintiff must allege that

> (1) a contract exists between the plaintiff and the defendant; (2) the plaintiff performed under the terms of the contract [unless excused]; (3) the defendant engaged in conduct, apart from its contractual obligations, without good faith and for the purpose of depriving the plaintiff of the rights and benefits under the contract; and (4) the defendant's conduct caused the plaintiff to suffer injury, damage, loss or harm.
>
> [*Graddy v. Deutsche Bank*, No. CIV. 11-3038, 2013 WL 1222655, at *4 (D.N.J. Mar. 25, 2013).]

Here, Plaintiff has not adequately pleaded a claim for breach of the covenant of good faith and fair dealing. The Complaint does not set forth sufficient facts to establish that Defendants engaged in malicious conduct for the purpose of depriving Plaintiff of the rights and benefits under their contract. Although Plaintiff pleads that BANA has wrongfully commenced foreclosure proceedings on the Property, (Compl. ¶ 198), Plaintiff candidly admits that a foreclosure action has not taken place, Plaintiff's Resp. to Mot. to Dismiss at 5; Compl. ¶ 43. Even if Defendants had initiated a foreclosure proceeding on the Property, doing so is not a breach of the covenant of good faith and fair dealing because Plaintiff readily admits that he has not performed his

contractual duties when he began missing his mortgage payments in 2011. Compl. ¶36; *Graddy*, WL 1222655 at *4 (noting that breach of duty of good faith and fair dealing requires that plaintiff performs under terms of contract). Moreover, Plaintiff's opposition papers are silent as to how this cause of action could be amended to properly state a claim. Any amendment, therefore, would be futile. For those reasons, Plaintiff's cause of action for breach of the duty of good faith and fair dealing is dismissed with prejudice.

The Complaint next alleges that Defendants breached a fiduciary duty owed to Plaintiff. Plaintiff claims that Defendants "acquire[d] a fiduciary duty toward the Plaintiff" based on "general equitable principles of fair and honest dealings." Compl. ¶ 183. "Creditor-debtor relationships . . . rarely are found to give rise to a fiduciary duty." *Paradise Hotel Corp. v. Bank of Nova Scotia*, 842 F.2d 47, 53 (3d Cir. 1988); *see also Galayda v. Wachovia Mortgage, FSB*, No. 10-1065, 2010 WL 5392743, at *13 (D.N.J. Dec. 22, 2010) ("[I]t it is well-established that a bank does not owe a legal duty to a borrower."); *United Jersey Bank v. Kensey*, 306 N.J. Super. 540, 552 (App. Div. 1997) ("The virtually unanimous rule is that creditor-debtor relationships rarely give rise to a fiduciary duty."). Here, Plaintiff and Defendants' relationship as borrower and lender does not create a fiduciary duty. Because Defendants owe no fiduciary duty to Plaintiff, any attempt to amend this Count would be futile. Accordingly, Plaintiff's claim for breach of fiduciary duty is dismissed with prejudice.

Next, Plaintiff asserts a claim for "Wrongful Foreclosure," alleging that BANA failed to contact Plaintiff to "assess [his] financial situation . . . to avoid foreclosure" and that "Plaintiff has never received notice of any assignment of the Mortgage, thus, Defendant B[AN]A has engaged in an unlawful foreclosure of the Subject Property." Compl. ¶¶ 192, 195. In New Jersey, "wrongful foreclosure" is not a recognized cause of action. *See Andujar v. Deutsche Bank Nat. Trust Co.*, No. 14-7836, 2015 WL 4094637, at *7 (D.N.J. July 7, 2015) (noting that Court is unable to find a cause of action for wrongful foreclosure under New Jersey law). Further, it is difficult to ascertain how a "wrongful foreclosure" action can be brought when Defendants have not initiated any foreclosure proceedings on the Property. As this cause of action is not recognized in New Jersey, amending this claim would be futile. Therefore, Plaintiff has not stated a cognizable cause of action and Count Eight is dismissed with prejudice.

The next Count in the Complaint alleges a violation of 12 U.S.C. § 2607 of the Real Estate Settlement Procedures Act ("RESPA"). Section 2607 of RESPA prohibits fees and kickbacks for referrals as well as splitting of fees incident to or part of a real estate settlement service involving a federally related mortgage loan. 12 U.S.C. § 2607(a)-(b).

Here, Plaintiff pleads that BANA violated § 2607 of RESPA by accepting "charges for the rendering of real estate services which were in fact charges for services for other than services actually performed." Compl. ¶ 205. Plaintiff's conclusory pleading does not state with sufficient particularity the allegedly unlawful conduct that took place in violation of RESPA. Additionally, as noted above, Plaintiff has withdrawn the allegations under RESPA. Accordingly, this cause of action is dismissed with prejudice.

Plaintiff next alleges that Defendants violated the Home Ownership Equity Protection Act ("HOEPA"), specifically 12 U.S.C. § 1639, by failing to make certain disclosures within three

days of when Plaintiff initially closed on the Property and "[e]gaging in a pattern and practice of extending credit to Plaintiff without regard to his ability to pay." Compl. ¶ 214. HOEPA has a one-year statute of limitations for money damages and a three-year statute of limitations for rescission. 15 U.S.C. §§ 1635(f), 1640(e). "The running of the statute of limitations is an affirmative defense." *Cain v. Dep't of Pub. Welfare, Office of Sec'y Reconsideration Unit*, 442 F. App'x 638 (3d Cir. 2011). However, "[t[he statute of limitations can constitute a Rule 12(b)(6) defense 'when the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" *Colonial Assur. v. Mercantile & Gen. Reinsurance Co.*, 130 F. App'x 607, 609 (3d Cir. 2005) (quoting *Hanna v. United States Veterans Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir.1975)).

Here, the alleged violations of HOEPA would have occurred at the time of the Property's closing, which took place on March 6, 2006, about nine years prior to the filing of the Complaint. Therefore, the statute of limitations has long passed. Moreover, as explained above, Plaintiff has withdrawn the allegations pertaining to an alleged HOEPA violation. Plaintiff's Resp. to Mot. to Dismiss at 3. As a result, this cause of action is dismissed with prejudice.

Plaintiff also asserts a cause of action for "fraud in the concealment." Pursuant to Rule 9(b), a plaintiff alleging fraud must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the "precise misconduct with which [it is] charged." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007). Under this heightened pleading standard for allegations of fraud, a plaintiff must plead

> (1) a specific false representation of material fact; (2) knowledge by the person who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) that the plaintiff acted upon it to his damage.
>
> [*Shapiro v. UJB Fin. Corp.*, 964 F.2d 272, 284 (3d Cir. 1992).]

A "claim of fraudulent concealment requires a plaintiff to additionally plead the existence of a duty to disclose." *Andujar*, WL 4094637 at *10.

Here, Plaintiff alleges that BANA "concealed the fact that the Loans was [sic] securitized as well as the terms of the Securitization Agreements, including, *inter alia*: (1) Financial Incentives paid; (2) existence of Credit Securitization Agreements, and (3) existence of Acquisition Provisions." Compl. ¶ 225. The Complaint fails to state a claim for fraudulent concealment, in part, because Plaintiff does not plead that Defendants affirmatively misrepresented that the loan would be retained by the original lender rather than be securitized. *See Hernandez v. Fed. Nat. Mortgage Ass'n*, No. 2:14-7950 WJM, 2015 WL 3386126, at *3 (D.N.J. May 26, 2015) (concluding that fraud in concealment claim cannot stand when plaintiff merely alleges that loan was securitized without informing him, especially when plaintiff fails to allege defendants affirmatively misrepresented that loan would not be packaged into mortgage-backed security).

8

Further, Plaintiff does not specify how he was damaged when Defendants allegedly concealed that "the Notes would be included in a pool with other notes, split in tranches, and multiple investors would effectively buy shares of the income stream from the loans." Compl. ¶ 226. Instead, in a conclusory fashion, Plaintiff alleges that "[c]hanging the character of the loan in this way had a material negative effect on Plaintiff which was known by all Defendants – but not disclosed." Compl. ¶ 226. Plaintiff's "naked assertions devoid of further factual enhancement" are insufficient to state a claim for fraudulent concealment, especially under the heightened pleading standard of Rule 9(b). *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

In Plaintiff's Opposition Brief to the Motion to Dismiss, he indicated that, given leave to amend, he would plead sufficient facts describing the "how, when, where, to whom, and by what means the representations were tendered." Plaintiff's Resp. to Mot. to Dismiss at 9. The Court dismisses Count Eleven without prejudice and grants Plaintiff leave to re-plead this cause of action with the requisite level of specificity.

Plaintiff next asserts a cause of action for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). "To plead a RICO claim under § 1962(c), the plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 362 (3d Cir. 2010) (internal quotation marks omitted). The statute of limitations for a RICO violation is four years from the date the Plaintiff knew or should have known of his alleged injury. *Rotella v. Wood*, 528 U.S. 549, 552-54 (2000).

Here, Plaintiff alleges that "Defendants formed an association-in-fact for the purpose of defrauding Plaintiff." Compl. ¶ 240. The Complaint fails to identify any pattern whatsoever of racketeering activity -- an essential element of a RICO action. Additionally, as evident from the dates alleged in the Complaint, the four-year statute of limitations period has expired as Plaintiff has not identified any RICO violations occurring during the applicable time frame. Finally, as noted above, Plaintiff has stated that he wishes to withdraw the RICO claim. Therefore, the RICO cause of action is dismissed with prejudice.

Plaintiff also alleges a cause of action for "Conversion." "The crux of conversion is wrongful exercise of dominion or control over property of another without authorization and to the exclusion of the owner's rights in that property." *Chicago Title Ins. Co. v. Ellis*, 409 N.J. Super. 444, 456 (App. Div. 2009). Here, Plaintiff states that BANA "through the use of fraud and similar methods converted Plaintiff's property to their own use and benefit" and also "interfered with the Plaintiff's dominion over the property in a manner inconsistent with, or in denial of, Plaintiff's right to own or possess the property." Compl. ¶¶ 248, 250. Plaintiff does not plead with any specificity how Defendants have exercised control of the Property or, in light of the fact that Plaintiff defaulted on his mortgage payments, why exercising control would be wrongful. Further, Plaintiff's opposition papers are silent as to how this cause of action could be amended to properly state a claim. Accordingly, the claim for conversion is dismissed with prejudice.

The final cause of action alleged in the Complaint is for "Breach of Contract." To state a claim for breach of contract, a Plaintiff "must allege (1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed

its own contractual obligations." *Frederico*, 507 F.3d at 203. Plaintiff concedes that he did not perform his own contractual obligations when he failed to make timely mortgage payments Compl. ¶ 36. Moreover, Plaintiff fails to particularly identify the alleged breach committed by Defendant. The Complaint merely alleges that the "Note stated that Plaintiff could prepay the Note at any time" and that Plaintiff requested such information from BANA, but BANA did not respond to such requests. Compl. ¶¶ 255-258. Plaintiff contends that as a result of this alleged breach, he is entitled to $628,295.94 and punitive damages. Compl. ¶ 259. Plaintiff's claim for breach of contract is not pleaded with the adequate level of plausibility. Additionally, Plaintiff fails to identify in his opposition papers how this claim could be adequately amended to properly state a claim. Therefore, Count Fourteen is dismissed with prejudice.

Defendants' motion is therefore **GRANTED**. Plaintiff is granted leave to amend Count Eleven of the Complaint while the remaining counts will be dismissed with prejudice. The Clerk of the Court is **ORDERED** to serve a copy of this order on Plaintiff Christopher Vassallo by regular U.S. mail.

**SO ORDERED.**

JOHN MICHAEL VAZQUEZ
**UNITED STATES DISTRICT JUDGE**